UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jaimon Jose Mappilaparampil,

    Plaintiff,
v.                                                           Case No. 10-12728

Honorable Sean F. Cox

Timothy F. Geithner,
   Secretary of the Treasury,

    Defendant.
_____/

## OPINION & ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Plaintiff Jaimon Jose Mappilaparampil ("Plaintiff"), proceeding *pro se*, filed this action against Defendant Secretary of the Treasury Timothy F. Geithner ("Defendant"), alleging several Title VII claims.  Plaintiff also challenges a decision of the Merit Systems Protection Board ("MSPB"), which affirmed Plaintiff's termination from employment with the Department of Treasury ("the Department").  The matter is before the Court on Defendant's Motion for Partial Dismissal.  (Doc. No. 8).  Despite a show cause order issued on January 5, 2011, Plaintiff failed to respond to Defendant's motion.  The Court heard oral argument on April 21, 2011.  For the reasons below, the Court **GRANTS** Defendant' Motion for Partial Dismissal.

BACKGROUND

The following facts are summarized from Defendant's brief and from an Initial Decision of the United States Merit Systems Protection Board ("MSPB") (Doc. No. 8, Ex. A).[1]

---

[1] Because Plaintiff has failed to respond to Defendant's motion, the only facts available to the Court are those set forth in Defendant's motion and in the Initial Decision of the United

In 1999, Plaintiff began his employment with the Department of Treasury as an Information Technology Specialist.  (Def.'s Br. at 2).  In 2004, Plaintiff transferred to a different team within the Department as part of a settlement of an unrelated EEO harassment complaint.  Plaintiff's new position was in a "Tier I" department.  *Id*.  Benita Burton, a Supervisory IT Specialist, managed Plaintiff's new team.  *Id*.

The MSPB's Initial Decision discusses Plaintiff's poor job performance in great detail.  Ms. Burton annually rated Plaintiff's performance based on five Critical Job Elements ("CJE").  *Id*.  Employees were rated on a scale of 1 to 5, with a rating of 1 being "unacceptable" and a rating of 5 being "outstanding."  *Id*.  In March, 2005, Ms. Burton rated Plaintiff's performance as "minimally successful" and Plaintiff received a CJE rating of 2.5.  *Id*.  In 2006, Ms. Burton rated Plaintiff's performance as "unacceptable" and Plaintiff received a CJE rating of 1.2.  *Id*.  In 2007, Ms. Burton again rated Plaintiff's performance as "unacceptable" and Plaintiff received a CJE rating of 1.0.  *Id*.  On August 15, 2007, Ms. Burton placed Plaintiff on a 60-day Performance Improvement Plain ("PIP").  *Id*.

Also in August 2007, Plaintiff submitted a request for reasonable accommodation with the Department because of his high blood pressure.  *Id.* at 3.  Specifically, Plaintiff requested a transfer to a Tier II or Tier III department under a different supervisor.  *Id*.  Ms. Burton denied his request.  *Id*.

A.      Department Of Treasury Agency Findings And The MSPB Decision

On November 8, 2007, after meeting with an EEO counselor, Plaintiff filed a claim with the Department alleging discrimination.  (Agency Dec., Resp., Ex. B.).  Plaintiff's claims made

---

States Merit Systems Protection Board.

their up through the administrative process until they were reviewed by the Department's Office of Civil Rights and Diversity ("OCRD"). The issues before the Agency were:

> Whether [plaintiff] was subjected to disparate treatment and/or hostile work environment based on his national origin (Indian), sex (male), disability (anxiety and elevated blood pressure) and in reprisal for prior EEO activity when:
>
> 1. Beginning in October 2005, and continuing, [plaintiff's] first level supervisor and project lead have allegedly given him irrelevant work assignments and asked for status assignment reports that do not comport with Agency policies, standards and guidelines of systems development;
>
> 2. On August 16, 2007, he was placed on a Performance Improvement Plan;
>
> 3. On August 16, 2007, and September 5, 2007, his requests for reasonable accommodation were denied;
>
> 4. In early November 2007, he learned he was not selected for the position of PC Server and Web Application Developer with the IRS under vacancy announcement (VA) number 07-WA1-MIE-161-2210-13;
>
> 5. In early November 2007, he learned he was not selected for the position of Lead Information Technology Specialist with the IRS under vacancy announcement (VA) 07-WA1-MIE-148-2210-13;
>
> 6. On March 11, 2008, his first level supervisor gave him a Letter of Oral Admonishment confirmed in writing; and;
>
> 7. On June 19, 2008, he received a performance appraisal with a rating of "unacceptable."

*Id*. at 3-4.

Meanwhile, on March 31, 2008, well after Plaintiff's 60-day PIP period ended, Ms. Burton again rated Plaintiff's performance as "unacceptable" and Plaintiff received a CJE rating of 1.0. (Pl. Br. at 4). On September 5, 2008, "Territory Manager Lillie Ayers issued a notice

3

proposing Plaintiff's removal for unacceptable performance." *Id*. at 4. Defendant eventually terminated Plaintiff on February 12, 2009. *Id*.

After Plaintiff's termination, he appealed the decision to the Merit Systems Protection Board ("MSPB"), which is an agency within the executive branch that reviews federal employee challenges to agency employment actions. *Id*. Plaintiff's complaints of discrimination were similar to those made in his EEO complaint to the Department. On November 3, 2009, an Administrative Law Judge issued an Initial Decision affirming Plaintiff's termination and holding that Plaintiff did not meet his burden of proof with respect to any of the allegations. (*See* MSPB decision, Resp., Ex. A). On June 10, 2010, the MSPB issued a Final Order denying review of Plaintiff's petition to the MSPB on the basis that there was no new evidence to be reviewed and that the ALJ made no legal errors. (Final Order, Complaint, Ex. A).

While Plaintiff's MSPB petition was pending, the Department issued a Final Agency Decision on January 4, 2009, regarding Plaintiff's EEO petition filed on November 8, 2007. (Agency Dec., Doc. No. 8, Ex. B). Similarly, the agency found that the Plaintiff failed to establish a *prima facie* case for discrimination and that there was no causation to establish a retaliation claim. *Id*. The Final Agency Decision also stated that Plaintiff failed to show that management's legitimate, non-discriminatory reasons for placing Plaintiff on a PIP were pretextual. *Id*.

B.  Plaintiff's EEOC Appeal

After the Department issued its Final Agency Decision regarding Plaintiff's gender, national origin, and disability discrimination claims, Plaintiff appealed the decision to the EEOC. (Def.'s Br. at 5). The EEOC denied Plaintiff's appeal on August 20, 2009 and denied Plaintiff's

request for reconsideration on October 15, 2009 ("EEOC Denial").  (EEOC Denial, Doc. No. 8, Ex. C.)  In Plaintiff's EEOC Denial, the EEOC stated that Plaintiff had the right to file a civil action within 90 days from the date Plaintiff received the decision.  *Id*.  The attached certificate of mailing states that it was mailed on October15, 2009.  *Id*.

## ANALYSIS

Plaintiff's Complaint alleges race, gender, age, national original, and disability discrimination.  (Complaint at 2).  Plaintiff also alleges that Defendant denied his request for reasonable accomodations, presumably for his disabilities, which include "high blood pressure, anxiety, depression, panic disorder, and fear."  *Id*.  Plaintiff's race and age discrimination claims were not included in Plaintiff's prior Agency or EEOC complaint.  (*See* Agency Dec. at 1).  Moreover, while there is nothing in Plaintiff's Complaint indicating that Plaintiff is requesting judicial review of the MSPB decision, Plaintiff confirmed at the April 21, 2011 hearing that he is indeed seeking review of the decision.  Defendant indicated to the Court that he has interpreted Plaintiff's claim to be a "mixed case" and agrees that Plaintiff is seeking judicial review of the MSPB decision in addition to his Title VII claims.

In his motion, Defendant seeks dismissal of Plaintiff's discrimination and retaliation claims.  Defendant makes three arguments in support of dismissal: (1) Plaintiff's claims are time-barred; (2) Plaintiff failed to exhaust his administrative remedies; and (3) Plaintiff has failed to state a claim.  (Def.'s Br. at 1).

A.  <u>Plaintiff's National Origin, Gender, Disability, And Retaliation Claims Are Time-Barred</u>

Defendant first asserts that Plaintiff's discrimination claims (except for Plaintiff's race and age discrimination claims) are time-barred because Plaintiff failed to file his complaint

5

within 90 days of receiving his Right To Sue Letter. (Def.'s Br. at 8).

Pursuant to 42 U.S.C. § 2000e-16(c), in an action against the head of a department of the federal government, an employee may file a civil action within 90 days of a final action taken by the EEOC on a complaint of discrimination based on race, color, religion, sex or national origin. 42 U.S.C. § 2000e-16(c). In this case, the EEOC issued its Final Order on October 15, 2009. Plaintiff, however, alleges in his Complaint that he received his EEOC Final Determination/Right to Sue Letter in February 2009. Nonetheless, Plaintiff did not file his Complaint until July 9, 2010. Therefore, even when assuming the allegations in Plaintiff's complaint are true, Plaintiff failed to file his Complaint within 90 days of receiving his Right To Sue Letter. Plaintiff's national origin, gender, disability, and retaliation claims are time-barred. *See Burzynski v. Cohen*, 264 F.3d 611, 618-19 (6th Cir. 2001).

B.  Plaintiff Did Not Exhaust His Administrative Remedies With Regard To His Race And Age Discrimination Claims

Next, Defendant contends that Plaintiff's race and age discrimination claims should be dismissed because Plaintiff failed to raise those claims in his EEOC complaint, and therefore has not exhausted his administrative remedies.

With regard to Plaintiff's Title VII race discrimination claim, a claimant must exhaust his administrative remedies before filing an action with the court. Section 2000e-16(c) provides that a claimant may only pursue court action if he or she disagrees with a final agency disposition or disposition of the EEOC after a discretionary appeal. *West v. Gibson*, 527 U.S. 212, 218-19 (1991); *Brown v. GSA*, 425 U.S. 820, 833 (1976).

Here, Plaintiff did not allege a race discrimination claim when he filed an EEO complaint with Defendant or when he pursued an appeal to EEOC. (*See* Agency Dec. at 1; *see also* EEOC

Denial) .  Therefore, Plaintiff has failed to exhaust his administrative remedies regarding this claim.

Plaintiff's age discrimination claim is not governed by 42 U.S.C. § 2000e-16.  Rather, age discrimination is governed by the Age Discrimination in Employment Act ("ADEA").  Pursuant to 29 U.S.C. § 633a, "[a] federal employee complaining of age discrimination... does not have to seek relief from his employing agency or the EEOC at all.  He can decide to present the merits of his claim to a federal court in the first instance." *Stevens v. Department of Treasury*, 500 U.S. 1, 6 (1991).

Although a claimant may file an ADEA claim directly with a federal court, Section 15(d) of the Act, 29 U.S.C. § 633a(d), provides:

> When the individual has not filed a complaint concerning age discrimination with the Commission, *no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action.* Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice.

29 U.S.C. § 633a(d) (emphasis added).

In this case, Plaintiff has not alleged that he provided the EEOC with at least 30 days notice of his intent to file his age discrimination action.  He also has not provided any evidence establishing that he filed such notice within 180 days after the alleged unlawful practice.  According to records provided by both the Plaintiff and Defendant, Plaintiff's Complaint appears to be the first instance in which Plaintiff alleges age discrimination.  Therefore, Plaintiff has failed to exhaust his administrative remedies with regard to his age discrimination claim.

C.  Plaintiff Has Sufficiently Pleaded Discrimination, Retaliation, and Accommodation Claims

Alternatively, Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted, and his claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). In order for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Dismissal is only proper if, based upon the pleadings, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Twombly*, 550 U.S. at 555.

Plaintiff's allegations are marked on a form Complaint for Title VII actions. Plaintiff checked boxes indicating that Defendant discriminated against Plaintiff based on his race, gender, age, national origin, and disabled status. Plaintiff checked additional boxes indicating that Defendant discriminated against him by failing to employ, failing to promote, and terminating Plaintiff. Plaintiff also alleged, "harassment in office, denial of reasonable accommodation rqst, closed door shouting – retaliation; targeting and singling out for filing EEO complaint." (Complaint at 2).

Courts generally hold *pro se* claimants to a less stringent pleading standard than claimants who are represented by lawyers. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.

1989).  Although Plaintiff has failed to plead many facts specific to his allegations, he has sufficiently articulated claims for discrimination, retaliation, and failure to accommodate.

As discussed above, however, Plaintiff's claims are either time-barred, or Plaintiff has failed to exhaust his administrative remedies.

## CONCLUSION

For the reasons above, the Court shall **GRANT** Defendant's Motion for Partial Dismissal.

Accordingly, Plaintiff's national origin, gender, disability discrimination/disparate treatment, age, retaliation, and accommodation claims are **DISMISSED WITH PREJUDICE**.

Therefore, the only claim remaining in this case is Plaintiff's request for judicial review of the Merit Systems Protection Board decision.

**IT IS SO ORDERED**.

Dated:  May 5, 2011                                             S/ Sean F. Cox
                                                                Sean F. Cox
                                                                U. S. District Court Judge

I hereby certify that on May 5, 2011, the foregoing document was served upon counsel of record by electronic means and upon Jaimon Jose Mappilaparampil by First Class Mail at the address below:

Jaimon Jose Mappilaparampil
1874 Sunburst
Troy, MI 48098

Dated:  May 5, 2011                                             S/ J. Hernandez
                                                                Case Manager